UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARON HOSSEINION,<br><br>    Plaintiff,<br><br>  v.<br><br>MOHAMMAD HOSSEINION, et al.,<br><br>    Defendants. | Case No. 2:18-cv-00862-JFW-SHK<br><br>**ORDER DISMISSING CASE WITH LEAVE TO AMEND** |

On January 29, 2018, pro se Plaintiff Caron Hosseinion ("Plaintiff"), who is currently housed at Patton State Hospital in Patton, California, sued Mohammad, Maya, and Warren Hosseinion (collectively "Defendants"), in the United States District Court for the Eastern District of California. Electronic Case Filing Number ("ECF No.") 1, Complaint. Plaintiff also applied to proceed in forma pauperis ("IFP"). ECF No. 2, IFP Application. On February 1, 2018, the Court in the Eastern District of California, without ruling on Plaintiff's IFP Application, transferred the case to this Court, after finding that the Central District, rather than the Eastern District of California, was the appropriate venue for the case. ECF No. 3, Transfer Order.

/ / /

1	On February 5, 2018, this Court granted Plaintiff's IFP application and
2	ordered Plaintiff to pay the total filing fee of $350 in $60 increments, with the first
3	installment due on March 7, 2018.  ECF No. 6, IFP Order.  The Court also warned
4	Plaintiff that "failure to remit the initial partial filing fee may result in dismissal of
5	the case."  Id.  To date, Plaintiff has failed to submit any payment and has, thus,
6	failed to comply with this Court's Order.
7	Upon further review of Plaintiff's Complaint, a fatal flaw in the pleading has
8	emerged.  Plaintiff asserted diversity of citizenship under 28 U.S.C. § 1332 as the
9	jurisdictional basis of the action, while also asserting that all parties to the action
10	are residents of California, and that the amount in controversy is exactly $75,000.
11	ECF No. 1, Complaint at 2-5.  It is unclear, however, whether Plaintiff also alleged
12	a federal cause of action as well, because Plaintiff's handwriting is illegible and the
13	Court cannot decipher any of Plaintiff's allegations against Defendants.
14	Accordingly, because Plaintiff alleges that all parties to the suit are residents of the
15	same state—California—and that the amount in controversy does not exceed
16	$75,000, this Court finds that Plaintiff lacks jurisdiction to bring this action in
17	federal court.  See 28 U.S.C. § 1332(a) (stating that a "district courts shall have
18	original jurisdiction of all civil actions where the matter in controversy exceeds the
19	sum or value of $75,000, exclusive of interest and costs, and is between—(1)
20	citizens of different States . . . .").  As such, this Court DISMISSES this action.
21	However, because it is not clear—due to Plaintiff's illegible handwriting—
22	that Plaintiff could not save the Complaint by amending it and clearly alleging a
23	federal question under 28 U.S.C. § 1331 as the basis for this Court's jurisdiction,
24	the Court grants pro se Plaintiff twenty-one days from the date of this Order to file
25	a first amended complaint ("FAC").  See Karim-Panahi v. L.A. Police Dept., 839
26	F.2d 621, 623 (9th Cir. 1988) (stating that the Court must afford pro se plaintiffs in
27	a civil rights action "the benefit of any doubt," "construe the[ir] pleading
28	liberally," and grant leave to amend unless it is "absolutely clear that the

deficiencies of the complaint could not be cured by amendment." (internal citation and quotation marks omitted)).

    Plaintiff is warned, however, that failure to file a FAC correcting the deficiencies discussed above, within twenty-one days of the date of this Order, will result in a recommendation under Federal Rule of Civil Procedure ("FRCP") 41(b) that this action be dismissed, with prejudice, for failure to prosecute and obey Court orders. Plaintiff is further advised that if Plaintiff no longer wishes to pursue this action, it may be voluntarily dismissed by filing a notice of dismissal under FRCP 41(a)(1). A blank CV-09 Notice of Dismissal form is attached to this Order for Plaintiff's convenience.

    Plaintiff is also advised, again, that Plaintiff must pay the full $350 filing fee in order to pursue this action in this Court and that failure to pay the filing fee in accordance with this Court's February 5, 2018, Order could result in the dismissal of this action under FRCP 41(b).

    IT IS THEREFORE ORDERED that this action is **DISMISSED**, without prejudice, and with twenty-one day's leave to amend, making April 16, 2018, the deadline to file a FAC. The Clerk of Court is directed to attach a blank CV-09 Notice of Dismissal form to this Order when sending it to Plaintiff.

    **IT IS SO ORDERED.**

Dated: 3/26/2018

HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge