UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARON HOSSEINION,<br><br>                    Plaintiff,<br><br>        v.<br><br>MOHAMMAD HOSSEINION, et al.,<br><br>                    Defendants. | Case No. 2:18-cv-00862-JFW-SHK<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

This Report and Recommendation is submitted to the Honorable John F. Walter, United States District Judge, under the provisions of 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I.    BACKGROUND

On January 29, 2018, pro se Plaintiff Caron Hosseinion ("Plaintiff"), who is currently housed at Patton State Hospital ("PSH") in Patton, California, sued Mohammad Hosseinion, Maya Hosseinion, and Warren Hosseinion (collectively the "Original Defendants"), in the United States District Court for the Eastern District of California. Electronic Case Filing Number ("ECF No.") 1, Complaint. Plaintiff also applied to proceed in forma pauperis ("IFP"). ECF No. 2, IFP

Application.  On February 1, 2018, the Court in the Eastern District of California, without ruling on Plaintiff's IFP Application, transferred the case to this Court, after finding that the Central District was the appropriate venue for the case.  ECF No. 3, Transfer Order.

On February 5, 2018, this Court granted Plaintiff's IFP application and ordered Plaintiff to pay the total filing fee of $350 in $60 increments, with the first installment due on March 7, 2018.  ECF No. 6, IFP Order.  The Court also warned Plaintiff that "failure to remit the initial partial filing fee may result in dismissal of the case."  Id.  Plaintiff failed to timely remit the initial, partial, filing fee.

Upon further review of Plaintiff's Complaint, the Court identified a fatal flaw—the Court lacked subject matter jurisdiction over the action.  Plaintiff asserted diversity of citizenship under 28 U.S.C. § 1332 as the jurisdictional basis of the action, while also asserting that all parties to the action were residents of California, and that the amount in controversy was exactly $75,000.  ECF No. 1, Complaint at 2-5.  Therefore, on March 26, 2018, the Court dismissed the Complaint, without prejudice, and with twenty-one days' leave to file a first amended complaint ("FAC"), making April 16, 2018, the deadline to file a FAC. ECF No. 8, Order Dismissing Case with Leave to Amend ("ODLA").  The Court warned Plaintiff, however, that failure to timely file a FAC curing the deficiencies discussed in the ODLA, or failure to pay the filing fee in accordance with this Court's February 5, 2018, Order would result in a recommendation that the action be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) ("Rule 41(b)"), for failure to prosecute and obey Court orders.  Id.

On March 28, 2018, Plaintiff applied, again to proceed IFP.  ECF No. 9, Second IFP Application.  On April 19, 2018, the Court conditionally denied Plaintiff's second IFP application for failure to provide the Court with an updated trust fund account statement, but granted Plaintiff thirty days leave to re-submit

the IFP application with an updated trust fund account statement.  ECF No. 11, Second IFP Order.

On April 9, 2018, Plaintiff filed the instant FAC.  ECF No. 10, FAC.  In Plaintiff's FAC, Plaintiff added Warren Hosseinion, Jr., Chi Pham Hosseinion, and Kiara Hosseinion as defendants (collectively "Defendants" when combined with the Original Defendants).  Id.  In the FAC, Plaintiff asserts that Plaintiff has been discriminated against as a result of "blindness/disability" and "conspired against, slandered, neglected, falsely accused [and] framed for mental illness, resulting in hospitalization" at PSH.  Id. at 5.  Plaintiff further asserts that Plaintiff has "been diagnosed wrongly, [has] had false reports, which is libel against [Plaintiff]. Keeping [Plaintiff] here twenty-six years."  Id.  Plaintiff claims that Plaintiff is "not mentally ill, or deficient, though [Plaintiff] is treated as such" and that Plaintiff's "only disability is blindness, which [Plaintiff is] discriminated for also."  Id.  Plaintiff asserts that "[e]ach and every defendant spent years treating [Plaintiff] as an outcast, keeping [Plaintiff] separate, like a wild animal."  Plaintiff claims to have been "denied basic human rights, made to feel inferior due to [Plaintiff's] blindness, kept down, as in self-worth . . . [and] beaten physically, when [Plaintiff] failed to please them.  For example, if [Plaintiff] did poorly on schoolwork."  Id.

There is no allegation made against any state or federal actor or entity. Consequently, for the reasons discussed below, the Court recommends that this action be dismissed, with prejudice, for lack of subject matter jurisdiction.

## II.   DISCUSSION

Plaintiff's FAC fails to establish this Court's jurisdiction over the subject matter of this action, because the FAC fails to establish the diversity of citizenship requirements set forth in 28 U.S.C. § 1332, or the federal question requirements set forth in 28 U.S.C. § 1331.

/ / /

/ / /

A.   **No Diversity Of Citizenship Under 28 U.S.C. § 1332**

Federal courts, like this one, are limited in the types of cases that they can hear and cannot hear any lawsuit that a party may want to file, unlike many state courts. United States v. Jacobo Castillo, 496 F.3d 947, 951 (9th Cir. 2007). Specifically, federal courts can only hear "those cases that (1) are within the judicial power of the United States, as defined in the Constitution, and (2) that have been entrusted to them by a jurisdictional grant by Congress." Id. (internal quotation marks omitted). Without the authority to hear a case, either by the U.S. Constitution or the U.S. Congress, a federal court lacks subject matter jurisdiction over the matter. See Kontrick v. Ryan, 540 U.S. 443, 452 (2004) ("Only Congress may determine a lower federal court's subject-matter jurisdiction."). Also, neither the federal court nor the parties can waive this type of a defect, or problem. Castillo, 496 F.3d at 952.

One such way that a federal court may hear a case, is called diversity and the requirements for this type of jurisdiction are set out in 28 U.S.C. § 1332. This law or statue provides:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332. Though there are other parts of this statute, the portion above sets out the relevant parts of the law for this case.

The important part of this law for purposes of the analysis here is the term "citizens of different States." 28 U.S.C. § 1332(a)(1). "The natural person's state citizenship is . . . determined by [his or] her state of domicile, not [his or] her state of residence. A person's domicile is [his or] her permanent home, where [he or] she resides with the intention to remain or to which [he or] she intends to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001)

As stated in the FAC, Plaintiff alleges that all Defendants reside in either Glendale or Los Angeles, California, and that Plaintiff is housed in PSH, which is also in California. ECF No. 10, FAC at 2-4. Here, all of the parties are alleged to be citizens of California. As a result, because Plaintiff and every defendant is a citizen of California, there is no diversity and, therefore, no jurisdiction, on this basis.

This, however, does not mean that this case is without merit or that it may not be able to be brought in a state court. Just that, based on these allegations, it cannot be brought in federal court. Additionally, Plaintiff appears be seeking a large amount of money in damages, "$ nine hundred and ninety nine quadzillion dollars," and the Court will give Plaintiff the benefit of the doubt that this meets the amount of controversy requirement. ECF No. 10, FAC at 6; see 28 U.S.C. § 1332(a) (requiring that there is at least $75,000 in controversy).

**B.     No Federal Question Under 28 U.S.C. § 1331**

In addition to diversity jurisdiction, Plaintiff may also be able to file a case in federal court if there is a federal question, under 28 U.S.C. § 1331. This means that a federal district court can hear a case if the claim is based on a violation of the United States "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Here, Plaintiff submitted the FAC on a Central District of California, CV-66 Civil Rights form, which originally made it appear that Plaintiff was attempting to make a claim under a federal law - 42 U.S.C. § 1983 ("§ 1983"), or Bivens v. Six

5

Unknown Agents, 403 U.S. 388 (1971) ("Bivens"). ECF No. 10, FAC at 1. Plaintiff, however, did not check the box on the CV-66 form indicating whether Plaintiff is suing under § 1983 or Bivens. Thus, it is clear from the face of this form that Plaintiff is not seeking to make a claim under federal law, much less against a state or federal actor or employee in the course of their duty.

This point, that a state or federal actor was a not a defendant, was further confirmed in the FAC, when Plaintiff stated that this action—which is against six defendants all bearing the same last name as Plaintiff—is "[n]ot against institution staff" and did not occur in the institution where Plaintiff is housed, and has been housed for twenty-six years. Id. at 2, 5. Rather, Plaintiff asserted that Plaintiff "ha[s] been conspired against, slandered, neglected, falsely accused [and] framed for mental illness, resulting in hospitalization [and Plaintiff's] time here . . . [for] twenty-six years." Id. at 5. Plaintiff also asserted that "[e]ach and every defendant spent years treating [Plaintiff] as an outcast . . . [and Plaintiff] was beaten, physically, when [Plaintiff] failed to please them. For example, if [Plaintiff] did poorly on schoolwork." Id. Thus, Plaintiff's FAC makes clear that Plaintiff is suing six people with the same last name as Plaintiff who do not work at PSH, for acts that allegedly occurred twenty-six years ago somewhere other than PSH, and prior to Plaintiff's hospitalization at PSH.

Seeing no federal cause of action, no state or federal actor, and not even a state or federal institution where the alleged harms occurred, this Court concludes that there is no basis for federal question jurisdiction here. Thus, even construing Plaintiff's FAC liberally and giving Plaintiff the benefit of any doubt, as the Court has done, due to Plaintiff's pro se status, Plaintiff's FAC makes absolutely clear that Plaintiff could not cure the deficiencies discussed above by further amendment. See Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988) (stating that the Court must afford pro se plaintiffs in a civil rights action "the benefit of any doubt," "construe the[ir] pleading liberally," and grant them

leave to amend unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal citation and quotation marks omitted)).

Accordingly, because the Court has already provided Plaintiff with notice of the above discussed deficiencies in the ODLA, and Plaintiff was unable to cure the deficiencies in the FAC, and clearly would not be able to do so by further amendment, the Court recommends that Plaintiff's FAC be dismissed, with prejudice, for lack of subject matter jurisdiction.  See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th Cir. 1988) (noting that it is "elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court." (citation omitted)).

### III.   RECOMMENDATION

Accordingly, IT IS THEREFORE RECOMMENDED that the District Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that Judgment be entered dismissing this action with prejudice.

Dated:  May 10, 2018

_____
HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge